[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the Court on the motion of the plaintiff for an award of pre-judgment interest against the State of Rhode Island. The thrust of the plaintiff's argument consists basically in the fact that Clark-Fitzpatrick was liable to the plaintiff for delay damages and interest thereon and that it is entitled to pass through its damage claim and interest to the third-party defendant and thus be awarded pre-judgment interest.
The third-party defendant, the State of Rhode Island, has filed several defenses.
1. Derivative governmental immunity — The Court rejects the State's position that it is entitled to resist pre-judgment interest based upon a claim of derivative immunity. But such a defense is not appropriate in the case before the Court.
2. The parties, CFF and CPC (contractor and subcontractor, respectively), have agreed among themselves that the contractor, CFF, would present CPC's claim as part of its own claim for damages against the State of Rhode Island, and that the Court would set aside the claim of CPC separately in determining damages.
In the presentment of the claim, CFF was entitled not only to present as a damage claim the actual loss sustained by it in satisfying its contractual obligation to its subcontractor, but also would have been entitled to present as a claim any pre-judgment interest that was awarded against CFF (or could be awarded to CFF) as part of its damage claim (as would be distinguished from a claim for interest).
In this case CFF did not present any evidence concerning loss sustained by it on any pre-judgment interest it would have or was liable for to its subcontractor. By agreement of the parties, CPC's damages were presented as though they were additional damages sustained by CFF. No damage claim was presented nor is one in evidence concerning CFF's liability, if any, to CPC. As presented, CPC did not seek judgment in this action against CFF. Had they done so, they clearly would have been entitled to pre-judgment interest. Such pre-judgment interest would have been an element of damages to be presented by CFF against the State of Rhode Island. It was for the convenience of the parties, namely CFF and CPC, that CPC's claim was presented directly against the State of Rhode Island.
It may well have been in the minds of CFF and CPC that the State of Rhode Island would be liable for pre-judgment interest as part of the damage claims being asserted against the State of Rhode Island so that no claim for damages for pre-judgment interest owed by CFF to CPC was ever considered in presenting CPC's claim. Now, however, since the Court has denied pre-judgment interest on the ground of sovereign immunity, the failure of CPC and CFF to present an interest claim is fatal. No evidence; no award.
The Court will deny the motion filed by CPC to add interest and to pass that claim through CFF to the defendant, the State of Rhode Island.
The parties will agree upon the form of an order to be entered and shall present said order for entry within seven (7) days from the date hereof.